UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMNON GUTMAN,<br><br>                        Plaintiff,<br><br>- against -<br><br>YAHOO! INC.,<br><br>                        Defendant. | Docket No. 17-cv-03294<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Amnon Gutman ("Gutman" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Yahoo! Inc. ("Yahoo!" or "Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1.  This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a group of rabbis on the outskirts of Kiev, owned and registered by Gutman, a photojournalist based in Israel. Accordingly, Gutman seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Gutman is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at Kibbutz Lahav, D.n. Hanagev 85335 Israel. Gutman's photographs have appeared in many publications around the United States.

6. Upon information and belief, Yahoo! is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 229 West 43rd Street, New York, New York 10036. Upon information and belief, Yahoo! is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Yahoo! has owned and operated a website at the URL www.yahoo.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Sometime between 2014 and July 2016, Gutman photographed a group of rabbis on the outskirts of Kiev (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Gutman then licensed the Photograph to Foreign Policy Magazine. On August 10, 2016, Foreign Policy Magazine ran an article that featured the Photograph on its web edition entitled, *Fiddler on the Front Line*. See http://foreignpolicy.com/2016/08/10/fiddler-on-the-front-anatevka-shtetl-ukraine/. Gutman's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Gutman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VAu 1-259-873.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about August 12, 2016, Yahoo! ran an article on the Website entitled *Longform's Picks of the Week*. See https://www.yahoo.com/news/longform-picks-week-185119391.html. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Yahoo! did not license the Photograph from Plaintiff for its article, nor did Yahoo! have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST YAHOO!)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Yahoo! infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Yahoo! is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the aforementioned acts of infringement by Yahoo! have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

17. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Yahoo! be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   May 3, 2017
         Valley Stream, New York

                LIEBOWITZ LAW FIRM, PLLC

                By: /s/   Kamanta C. Kettle
                    Kamanta C. Kettle

                Kamanta C. Kettle
                11 Sunrise Plaza, Suite 305
                Valley Stream, New York 11580
                Telephone:  (516) 233-1660
                KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Amnon Gutman*